Henry E. Jacobs, Appellee, v. City of Chicago and Morgan A. Collins, Chief of Police of the City of Chicago, Appellants.

Gen. No. 31,657.

1. MUNICIPAL CORPORATIONS—*validity of ordinance provision requiring action by council.* The provision of the ordinance of Chicago, section 3566 of art. 2, relating to driveways across sidewalks, in requiring the consent of the city council before issuance of a permit to build them, is not invalid as being incomplete and requiring further legislative action upon a legislative act.

2. MUNICIPAL CORPORATIONS—*validity of ordinance regulating driveways across sidewalks.* Under Cahill's St. ch. 24, ¶ 65, subds. 7 and 16, the city has broad powers over its streets and walks, and the provision of section 3566 of art. 2 of Chicago ordinances, requiring the consent of the council before a permit to build driveways across sidewalks is issued, is a valid exercise thereof.

3. MUNICIPAL CORPORATIONS—*assumptions in behalf of ordinance.* In absence of evidence that the provision of section 3566, art. 2, of Chicago ordinances, requiring the council's consent before issuance of a driveway building permit is discriminatory, oppressive or unjust, the court will assume that public officials will execute it honestly and for the public's best interests and that it is not open to such objections.

Interlocutory appeal by defendants from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Reversed. Opinion filed March 30, 1927. Rehearing denied and opinion modified April 8, 1927.

FRANCIS X. BUSCH, Corporation Counsel, and BARNET HODES, Assistant Corporation Counsel, for appellants; CORA B. HIRTZEL, Assistant Corporation Counsel, of counsel.

WARREN PEASE, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendants seek to reverse an order denying their motion to dissolve and set aside

an order restraining the defendants from interfering with the complainant in the construction of a gasoline filling station and the establishment of driveways across the sidewalks leading into such station.

On October 20, 1926, complainant filed his bill to restrain the defendants from interfering with the construction of a gasoline filling station, located on property at the corner of West Sixteenth Street and Clifton Park Avenue. It was alleged in the bill that complainant had obtained the consent of property owners who owned a majority of the frontage as required by the city ordinance and had secured from the proper city officials permits permitting him to install two underground tanks, one having a capacity of 1,000 gallons and the other a capacity of 500 gallons, and a further permit to construct a building on the premises which was to be used in the operation of a filling station. It was further alleged that in order to properly operate the filling station, it was necessary to construct driveways across the sidewalk; that the city ordinance provided that it was necessary to obtain an order from the city council before a permit could be issued authorizing the construction of driveways; that in order to obtain this permit complainant applied to the alderman of the ward in which the station was to be constructed and after the alderman looked into the matter he wrote a letter to the superintendent of streets, advising him that at the next meeting of the city council the alderman would introduce an order authorizing the issuance of a permit and that in the meantime a temporary permit might be issued and that such permit was issued accordingly.

Complainant then proceeded with the work, but shortly thereafter he was stopped by police officers. The prayer of the bill was that a temporary writ of injunction issue restraining the city officials from interfering with complainant, and that upon final hearing the injunction be made permanent. Afterwards

the court entered the temporary restraining order as prayed for, apparently without objection on behalf of the city, they having looked into the matter. It appears however that shortly thereafter the city investigated the matter further and found that a part of the property owners contended that their signatures which the complainant had obtained in the way of frontage consents, required in the case of a gasoline filling station, were procured through misrepresentation and fraud and it was claimed that complainant had not obtained the necessary consents as required by the ordinance. These facts and others were set up in the defendants' answer and the property owners filed an intervening petition making the contention that the frontage consents had been improperly and illegally obtained. The defendants made a motion to dissolve the temporary restraining order and evidence was heard which, the defendants contend, shows that the necessary frontage consents had not been obtained and that the temporary permit issued in reference to the construction of the driveways had been revoked. The motion was denied and this appeal followed.

The defendants contend that a court of chancery has no jurisdiction because the complainant has an adequate remedy at law by way of a mandamus proceeding. To this contention complainant replies that the provision of the ordinance requiring an order of the city council before a permit may issue for the construction of driveways across sidewalks is invalid, and, therefore, equity has jurisdiction. The provision of the ordinance which complainant contends is invalid is a part of section 3566 of art. 2, of the ordinances of Chicago entitled, "Driveways." That part is as follows: "No person, firm or corporation shall hereafter construct, build, establish or maintain driveways which depress or elevate the established grade of public sidewalks over, across or upon public sidewalks without first obtaining an order so to do from the City Council and a permit so to do, as hereinafter provided." In

support of this contention the argument of counsel for complainant seems to be that the provision of the ordinance above quoted was incomplete when it left the lawmaking body; "that it was discriminatory, oppressive, unfair and unjust, void for uncertainty and tended to create a monopoly" and counsel cites the case of *City of Chicago v. Matthies*, 320 Ill. 352, and other authorities. In the *Matthies* case an ordinance of the city of Chicago was held invalid because it failed to define "rooming houses" as mentioned in the ordinance. The court there said: "The rule also is, however, that a law, to be valid, must be complete when it leaves the legislature," and further: "An ordinance which leaves to an executive officer the definition of the thing to which such ordinance applies, such definition not being commonly known, is an unwarranted and void delegation of legislative power to an executive officer." We think the part of the section above quoted is not subject to the objection made. We see no reason why the council in passing the ordinance in question may not properly require an order of the city council as a prerequisite to the issuance of a permit to construct driveways, across sidewalks. *Fischer v. St. Louis,* 194 U. S. 361. In that case, an ordinance of the city of St. Louis, which prohibited the erection of any dairy or cow stable within restricted limits without permission by way of an ordinance from the municipal assembly, was held valid because the legislature of the State might, under the police power, authorize municipalities to regulate such places or occupations as might be injurious to the health of the neighborhoods or likely to disturb people living in the neighborhood by loud noises or offensive odors. The court there said (p. 371): "As the dispensing power must be vested in some one, it is not easy to see why it may not properly be delegated to the municipal assembly which enacted the ordinance."

The city council of Chicago is by the legislature authorized "To lay out, to establish, open, alter, widen,

extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks and public grounds, and vacate the same,'' and ''To provide for and regulate crosswalks, curbs and gutters'' paragraphs 7 and 16, § 1, art. 5 of the Cities and Villages Act, Cahill's St. ch. 24, ¶ 65, subds. 7 and 16. The power given by the legislature to city councils over streets and sidewalks is broad and comprehensive and we see no reason why the city council in passing an ordinance might not properly require that no person or corporation might depress or elevate the established grade of sidewalks over which it was sought to construct and maintain driveways without first having obtained an order from the city council. In this way the council retains the control of the city streets as authorized by the legislature. We think the ordinance in question is not subject to the objection made. We are further of the opinion that the provision of the ordinance requiring a council order is not discriminatory, oppressive or unjust. There is no evidence in the record that such is the fact, and we are bound to assume that public officials will act honestly and for the best interests of the community as the Supreme Court said in the *Fischer* case.

Since the record discloses that the temporary permit issued to the complainant for the construction of the driveway was revoked for the claimed reason that the frontage consents were insufficient, and since we hold the ordinance valid, complainant could not lawfully proceed with his work without first having obtained a valid permit, and, therefore, he was not entitled to the restraining order.

It follows that the court erred in overruling the motion of the defendants to dissolve the restraining order.

The order of the circuit court of Cook county is reversed.

*Order reversed.*

TAYLOR, P. J., and THOMSON, J., concur.