The Salem National Bank, Plaintiff-Appellant, v. The City of Salem, Defendant-Appellee.

Gen. No. 64–F–19.

Fifth District.

April 11, 1964.

Miller & Pfaff, of Salem, and John C. Martin, of Tulsa, Oklahoma, for appellant.

Frederick E. Merritt, of Salem, for appellee.

WRIGHT, JUSTICE.

This is an appeal from an order dismissing a declaratory judgment action whereby the plaintiff, The Salem National Bank, seeks a determination of its rights to install driveways for vehicular traffic to cross public sidewalks adjacent to its property and within the business district of the defendant, The City of Salem.

The Salem National Bank owns and occupies for banking business, a building located on the southwest corner of the intersection of Broadway and Main Streets in the City of Salem, Illinois. Broadway leads north and south and is Illinois State Route No. 37. Main Street leads east and west and is Illinois State Route No. 50. The intersection is one of the main intersections in the City of Salem and is one of the busiest.

The plaintiff has purchased two buildings adjacent to its bank building on the west and south and proposes to remove all or a part of said buildings for the purpose of providing drive-in banking facilities to its customers at its present bank building. It is planned to have vehicles enter the proposed driveway from West Main Street across the sidewalk on the south side of West Main, pass around the present bank building on the west and south and to exit onto South Broadway by passing across the sidewalk on the west side of South Broadway. The sidewalks over which the proposed entrance driveway and the exit driveway would pass are fourteen feet in width.

Prior to the controversy here involved, the City of Salem and the State of Illinois, entered into a joint resolution to resurface certain portions of Broadway and Main Streets in the area adjacent to plaintiff's building, and the city agreed not to allow the curbs to be cut or driveways or entrances made without the approval of the State of Illinois.

The plaintiff applied to the State of Illinois, Department of Public Works and Buildings, Division of Highways, for a permit to cut the curbs at the location of the proposed driveways and received a letter from the chief engineer of the Division of Highways advising that a permit would be issued upon the approval of the City of Salem. Plaintiff presented its application to the City Manager of defendant, for his approval, and upon instructions from the Mayor and the City Council, the City Manager refused to sign or approve the permit.

The plaintiff admits that at no time did it make application for a building permit provided for under City Ordinance No. 24.07 nor did it submit any detailed plans and specifications to the Inspector of Buildings for his approval as provided by this ordinance.

The defendant argues that the trial court properly exercised its discretionary power based upon the evidence in denying the relief prayed and dismissing the complaint for declaratory judgment.

Ordinance No. 7.18 of the defendant, City of Salem, provides:

"No person shall obstruct or endanger, or place, or permit anything to obstruct or endanger, the free passage or proper use of the public of any street, sidewalk, crosswalk, or entrance to any church, theater, hotel, school, or public building, except as may be permitted under this chapter."

The lower court, after hearing testimony of witnesses and examining documentary evidence, dis-

281

missed plaintiff's complaint for want of equity and found: (1) That it was the defendant City's duty to keep the sidewalks safe for the public and pedestrian traffic; (2) That plaintiff bank and the proposed driveways were located at an intersection of two main city streets which were also State highway No. 37 and U. S. highway No. 50 and that such intersection was as busy, if not the busiest intersection in town; (3) That it was the duty of the City Council to consider the health, welfare, comfort and safety of the general public; (4) That said Council did not act unreasonably, oppressively or arbitrarily in denying plaintiff's application; (5) That the plaintiff does not have a right per se to construct driveways across public sidewalks without the consent and approval of the Mayor and City Council; (6) That the Mayor and City Council had a right to refuse plaintiff's application under the authority of Ordinance 7.18; (7) That from the evidence in this cause the equities were with the City of Salem and against the plaintiff.

There can be no question that under the provisions of the Illinois Municipal Code, the streets and sidewalks of a city are held in trust by the city for the use of the public for purposes of travel and as a means of access to and egress from property abutting thereon. City of Elmhurst v. Buettgen, 394 Ill 248, 68 NE2d 278. The primary right to the use of the streets and sidewalks of a city for the purposes of travel belongs to the general public and not to the abutting property owners alone. The general public has the paramount right to the use of the streets and sidewalks but the abutting property owner has the right to make all proper and reasonable use of the sidewalks not inconsistent with the paramount right of the public. City of Elmhurst v. Buettgen, supra.

The right of access of a property owner to the public streets adjoining his property is a valuable

property right which cannot be taken away without just compensation. R. G. Lydy, Inc. v. City of Chicago, 356 Ill 230, 190 NE 273; Pure Oil Co. v. City of Northlake, 10 Ill2d 241, 140 NE2d 289.

Cities created by authority of the legislature derive all of their rights and powers from the source of their creation. People ex rel. Gutknecht v. City of Chicago, 414 Ill 600, 111 NE2d 626. However, cities also have such implied powers as are necessarily incident to the powers expressly granted. (8 ILP Cities, Villages etc., section 65.)

There is no mention expressly made in the Municipal Code concerning driveway regulations and maintenance, but the legislature has expressly delegated to cities the authority to regulate traffic within the city. Section 11–80–20 of the Municipal Code provides, in part, that: "The corporate authorities of each municipality may regulate traffic and sales upon the streets, sidewalks, . . ." And section 11–80–13 grants authority to regulate the use of sidewalks. Cities unquestionably have the implied power to regulate and supervise the construction and maintenance of driveways across its sidewalks, in order to fulfill its responsibility to regulate traffic and thereby protect the health and safety of its citizens. Pure Oil Co. v. City of Northlake, supra.

A property owner does not have an unrestricted and absolute right to construct and maintain driveways across city sidewalks to provide for ingress and egress to and from his property without satisfying reasonable standards and guides which may be established by ordinance to be followed.

The City Council under the powers granted it to regulate traffic and control the use of streets and sidewalks within the city does not have the power to deny in its absolute discretion, permission to construct or maintain any driveway across the sidewalk. The right

of a property owner to access to the public streets adjoining his property may be restricted by ordinance in some reasonable manner consistent with the public good. However, such ordinance must spell out reasonable standards for the property owner to meet as a condition precedent to acquiring a driveway permit, and an ordinance which purports to authorize the outright denial of a permit depending upon the will of the City Council is not enforceable. Pure Oil Co. v. City of Northlake, supra.

■ It, therefore, follows that the trial court erred in finding that the Mayor and City Council of the City of Salem has the right under the authority of Ordinance No. 7.18 of the City of Salem to refuse plaintiff's request to construct the two driveways in question for the reason that there are no guides or standards provided in the ordinance to be met by the property owner.

Unquestionably, the defendant has the expressed authority to regulate and prescribe the manner of constructing buildings within its corporate limits (Ill Rev Stats 1961, c 24, § 11–30–4) and incidental to that expressed authority has the implied authority to require building permits. It is admitted that defendant in the exercise of those powers has adopted City Ordinance No. 24.07, "Building Permits" and that plaintiff has not made application as required by this ordinance for a building permit and has not submitted plans for the approval of the Inspector of Buildings as required by the ordinance. It is argued by plaintiff that it need not comply with the provisions of City Ordinance No. 24.07 for the reason that it seeks merely a determination of its right to construct two driveways across the public sidewalks of the defendant.

We cannot agree with the contention of plaintiff. The evidence clearly shows the driveways are to serve as an entrance and an exit for drive-in banking facilities to be constructed at plaintiff's place of business.

Although the plans are not complete, it appears from the evidence that plaintiff to provide drive-in facilities proposes to construct two driveways across the sidewalks, wreck or partially wreck two buildings, one on the west and one on the south of its present banking building and to remodel its existing banking house. All of this is a part of one project and requires compliance by the plaintiff with Ordinance No. 24.07. We believe that the plaintiff should have submitted for approval complete plans and drawings as required by said ordinance of the entire project including the driveways.

Since it is conceded by the plaintiff and the evidence discloses that this was not done, the action for a declaratory judgment to determine the right of the plaintiff to construct the driveways was untimely and prematurely commenced.

The granting of declaratory relief is clearly within the discretion of the trial court. The discretion is not one to entertain the action but to enter or decline to enter the judgment or decree. State Farm Automobile Ins. Co. v. Morris, 29 Ill App2d 451, 173 NE2d 590; Wolf v. Solem, 26 Ill App2d 262, 167 NE2d 820. There is nothing in the record in the instant case to indicate that the dismissal of the complaint for declaratory judgment by the trial court in any respect constituted an abuse of discretion. On the contrary, the evidence introduced at the hearing and in the record before us substantially supports all of the findings made by the trial court in its decree except the finding that the Mayor and City Council had a right to refuse plaintiff's application under the *authority of Ordinance No. 7.18.* (Emphasis ours.)

Although the trial court was in error in its finding that the Mayor and City Council had authority under Ordinance No. 7.18 of the City of Salem to reject the application of the plaintiff to construct the driveways, we conclude that the other findings contained in the

285

decree are supported by the record and that the court did not err in the exercise of its sound discretion in dismissing the complaint for a declaratory judgment.

Judgment affirmed.

DOVE, P. J. and REYNOLDS, J., concur.