**Western Pride Builders, Inc., Plaintiff-Appellee, v. City of Berwyn, a Municipal Corporation, Defendant-Appellant.**

Gen. No. 52,671.

First District, Fourth Division.

July 24, 1968.

Alan S. Ganz, of Chicago, for appellant.

Mitchell Edelson, Sr., Morton C. Kaplan, and Barry B. Nekritz, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from the issuance of a writ of mandamus by the Circuit Court commanding that it approve the application of plaintiff for a building permit. On appeal defendant contends (1) that plaintiff did not have

a sufficient interest in the property to apply for a building permit nor to appeal the denial of its application to the Zoning Board of Appeals and (2) that plaintiff failed to submit plats or plans with its permit application as required by ordinance.

On April 14, 1966, plaintiff entered into an agreement calling for purchase of the land for which the building permit is sought. The contract provided for the closing of the sale within ninety days. On April 15, with the concurrence of the seller, plaintiff applied to the Berwyn Commissioner of Public Works, Marino De Vito, for a building permit to erect a two-flat building. The Commissioner denied the permit and plaintiff exercised its right to appeal the decision to the Zoning Board of Appeals. The hearing was held on June 21. On July 19 the sale was closed and title transferred to a trust of which plaintiff is sole beneficiary. On August 4 the subject property was rezoned to allow only single family residences. The Zoning Board rendered its decision on September 20, finding that construction of a two flat residence on plaintiff's property was permissible under the zoning laws. No appeal was taken by the defendant from the decision of the Zoning Board of Appeals. Upon defendant's refusal to issue the permit plaintiff filed its complaint for a writ of mandamus. On plaintiff's motion for summary judgment, the writ of mandamus was issued. Defendant appeals from that judgment.

Defendant first argues that plaintiff did not have a sufficient interest in the property to apply for a building permit nor to appeal the denial of its application because it was only a contract purchaser and did not have legal title nor the right to control the title holder. It relies on Malone v. Mayor and Aldermen of Jersey City, 7 NJ Misc 955, 147 A 571 (1929), where a contract for the purchase of land was held to be an insufficient interest for obtaining a building permit. However, in Cox v. Township of

Wall, 39 NJ Super 243, 120 A2d 779 (1956), in which plaintiffs, who were contract purchasers, applied for a building permit and defendants contended that they had no standing to maintain their action to order the issuance of the permit, the court stated at page 249:

> Such a contractual interest in the property gave them a sufficient standing not only to apply for a building permit, but also to enforce their right to the permit by an action such as this. Brown v. Terhune, 125 NJL 618 (Sup Ct 1941), appeal dismissed 127 NJL 554 (E & A 1942) ; Jersey Triangle Corp. v. Board of Adjustment, 127 NJL 194, 195 (Sup Ct 1941) ; Sigretto v. Board of Adjustment, 134 NJL 587 (Sup Ct 1946) ; cf. Reimer v. Dallas (not officially reported), 129 A 390, 392 (NJ Sup Ct 1925) ; Slamowitz v. Jelleme, 3 NJ Misc 1169 (Sup Ct 1925) ; Wilson v. Township Committee of Union Township, 123 NJL 474 (Sup Ct 1939) ; Finn v. Municipal Council of City of Clifton, 136 NJL 34 (E & A 1947) ; Protomastro v. Board of Adjustment, 3 NJ Super 539, 545 (Law Div 1949), reversed on other grounds 3 NJ 494 (1950). Contra, Malone v. Mayor and Aldermen of Jersey City, 7 NJ Misc 955 (Sup Ct 1929) ; but see Adams v. Mayor and Aldermen of Jersey City, 107 NJL 149, 150 (E & A 1930). Cf. Krieger v. Scott, 4 NJ Misc 942 (Sup Ct 1926), where the relators did not have (so far as appears) even a contractual interest in the property.

In Schultze v. Wilson, 148 A2d 852, 54 NJ Super 309 (1959), it was held that a riparian landowner had a sufficient interest in riparian lands to obtain a building permit since he had a "preemptive right" to acquire those lands.

█ In the instant case plaintiff applied for the permit not only on the basis of his contract rights to give him

standing, but also with the approval of the seller of the land. We believe that under these circumstances plaintiff had a sufficient interest to obtain a permit and to appeal the Commissioner's denial.

■ Defendant next contends that it should not have been ordered to grant plaintiff a permit because a city ordinance required the filing of plats or plans with a building permit application and plaintiff failed to file either plats or plans with its application. This contention was raised for the first time in defendant's answer to the mandamus complaint. At the hearing before the Zoning Board of Appeals the board secretary said:

> Mr. DeVito [the Berwyn Commissioner of Public Works] has not transmitted any file in this matter. He has stated to us that the only matters involved here are a request for a permit and the denial of the permit based on the zoning. Consequently, the only issue that we would be concerned with here would be whether or not the property in question is zoned as you allege it to be and not the entire contents of his file.

Plaintiff's lawyer testified at the Zoning Board hearing that the Commissioner had informed him that zoning was the sole reason for the denial of the permit. At that hearing Mr. Peter J. Fiflis, plaintiff's president, testified that he did submit a copy of the plans with the application. Furthermore, the record there included a copy of a letter which accompanied the permit application and which stated that the plans had been attached. In the instant case the Commissioner's affidavit stated that "no plats or plans accompanied Mr. Peter Fiflis' letter of April 15, 1966." However, he failed to appear at the hearing of the Zoning Board and failed to comply with an ordinance requiring him to transmit to it "the papers constituting the record upon which the action appealed

from was taken." Therefore, under the circumstances his conclusion that no plans were filed does not raise a genuine issue of fact. (Ill Rev Stats (1965) c 110, § 57 (3).)

We find no error in the issuance of the Writ of Mandamus. The judgment of the Circuit Court is therefore affirmed.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.