National Boulevard Bank of Chicago, Trustee Under Trust No. 1958, Dated December 21, 1965, Plaintiff-Appellee, v. City of Chicago, a Municipal Corporation, Defendant-Appellant.

**Gen. No. 53,765.**

First District, Second Division.

April 7, 1970.

Richard L. Curry, Acting Corporation Counsel of City of Chicago (Marvin E. Aspen and Howard C. Goldman, Assistant Corporation Counsel, of counsel), for appellant.

John J. O'Toole, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This was an action for a declaratory judgment seeking to void and hold unconstitutional a portion of the City of Chicago Zoning Ordinance as it applied to the subject property, and to allow plaintiff to construct on the subject property apartment buildings of a greater density than that allowed by the Ordinance. The trial court granted the relief requested in the complaint and defendant appeals, contending, inter alia, that the plaintiff failed to exhaust the local remedies provided for in the Ordinance before challenging its constitutionality in court.

The instant complaint was filed on July 25, 1967, alleging in part that plaintiff held title as trustee to the subject property which was located on the northwest side of Chicago; that the subject property consisted of two adjacent but separate parcels of land and was vacant except for a frame dwelling which was to be removed; and that the subject property was situated in a B4-2 zoning district, Restricted Service. The complaint also alleged matters which in effect sought to have the subject property given a general residence status in order that the construction of two apartment buildings consisting of a total of 133 rental units could be legally realized.

Paragraph 7 of the complaint alleged that,

"On investigation plaintiff was advised that the City of Chicago would not issue a permit for the con-

struction of said buildings to contain more than a total of approximately 30 units each, and provided further that no dwelling be located below the second floor of the building, and that the defendant, City of Chicago, will restrict the occupancy of said premises. . . ."

Paragraph 22 of the complaint alleged that plaintiff had made application to the City Council of the City of Chicago for a zoning amendment to enable it to construct the desired use, and also alleged that there was no other remedy available under the Ordinance except by court action.

The answer of the City to the complaint requested that paragraph 7 thereof be stricken in that it was argumentative and contained conclusions of the pleader. The answer also denied the allegations contained in paragraph 22 of the complaint.

After hearing evidence the trial court entered judgment in accordance with the prayer of the plaintiff, the judgment order specifically reciting that the plaintiff had exhausted its local remedies as provided in the Ordinance and that it had no other remedy except in a court of law or equity.

We are in agreement with the City's position, that plaintiff failed to exhaust its local remedies provided for in the Chicago Zoning Ordinance before filing the instant complaint challenging the constitutionality of the Ordinance as it applied to the subject property.

It should be first noted that there is nothing in the record supporting plaintiff's allegations that it made application to the City Council for an amendment to the Ordinance and that it had exhausted all local remedies before filing the instant complaint. There is no evidence of any action taken by the City Council upon the application for amendment allegedly filed by plaintiff, nor is

there a copy thereof in the record. Plaintiff has attached, as an appendix to its brief, a completed application for such amendment before the City Council, but there is nothing to show that it was ever filed with or acted upon by the Council. However, for purposes of this appeal, we will proceed under the assumption that the application is true on its face and further that it was in fact filed with and acted upon by the City Council.

██ The record nevertheless still discloses that plaintiff failed to exhaust the remedies available to it under the Ordinance. The application for amendment attached to plaintiff's brief reveals that the present zoning of the subject property is B4–2 and that the relief requested in the application was a change to a B4–3 status, relating to the existence of rental units on the lower floors of apartment buildings. This was not an appropriate request to make of the City Council under the Ordinance.

The relief allegedly requested in the application was for a variation in the nature of a special use, which could be acted upon only by the Zoning Board of Appeals. (See Municipal Code of Chicago, Ill, 1967, chapter 194A, section 1, part A, art 8.4–4(3), art 11.10–2 and art 11.10–3.) Consequently, the use requested in the application for amendment, assuming again that plaintiff did in fact file such with the City Council, was in reality a request for a special use and was never brought before the appropriate local body for its consideration. Reilly v. City of Chicago, 24 Ill2d 348, 181 NE2d 175.

A case exactly in point is American Nat. Bank & Trust Co. v. City of Chicago, 110 Ill App2d 47, 249 NE2d 148. In the American National case, plaintiff filed its application for an amendment with the City Council, requesting, as alleged here, a change from a B4–1 to a B4–2 zoning. The application was denied and plaintiff immediately filed its complaint for declaratory judgment,

169

wherein a portion of the relief requested was a change from the B4–1 zoning to a residential zoning, as here. In reversing the judgment entered for plaintiff granting the requested relief, the Appellate Court noted that the relief requested in the application was a special use and was never brought before the Zoning Board of Appeals in order that the Board could have the opportunity to correct any error in the zoning classification or to remedy any unreasonable hardship created by the Ordinance, before the complaining party entered into litigation. See also Bright v. City of Evanston, 10 Ill2d 178, 139 NE2d 270. Likewise, plaintiff here failed to afford the Zoning Board of Appeals the opportunity to consider the matter before filing the instant complaint.

██ The fact that the trial court specifically found that plaintiff did exhaust all local remedies and that it had no recourse other than in a court of law or equity, does not cure this fatal defect. It is essential to the sufficiency of the findings of a trial court that they be supported by the evidence. Hanaman v. Davis, 20 Ill App 2d 111, 114–115, 155 NE2d 344. On this state of the record judgment should have been entered for the defendant.

██ Finally, plaintiff maintains that defendant did not properly preserve the question of the exhaustion of remedies for appeal. It need only be said that plaintiff's complaint alleged exhaustion of remedies, that the answer specifically denied the allegation, and that the burden of proof was therefore upon plaintiff to show that the remedies were in fact exhausted before filing this action. Plaintiff failed in this regard. Defendant's post-trial motion makes the allegation that plaintiff failed to sustain its burden of proof. This is not the same situation as in City of Chicago v. James E. Mulligan Enterprises, 27 Ill App2d 481, 489, 170 NE2d 13, wherein a question raised on appeal was never put into issue at trial. We do not

170

agree with plaintiff's contention that the City is estopped to deny that plaintiff did not exhaust its local legislative remedies.

For these reasons the judgment is reversed.

Judgment reversed.

McCORMICK, P. J. and LYONS, J., concur.