LUNAR OIL COMPANY, INC., Petitioner-Appellee, v. ROBERT LADENDORF et al., Respondents-Appellants.

(No. 54419; ▮▮▮▮▮▮▮

First District—December 30, 1970.

*Rehearing denied February 8, 1971.*

Di Leonardi, Hofert & Samuelson, of Des Plaines, (Robert J. Di Leonardi, of counsel,) for appellants.

Ahern & Gillogly, of Chicago, (Kevin J. Gillogly, of counsel,) for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Petitioner-Appellee, Lunar Oil Company, broght this action in the Circuit Court of Cook County seeking a writ of *mandamus* to compel the officers of the City of Des Plaines, Appellants, to issue a business license and other permits for the operation of a gasoline filling station. The trial court granted such petition, ordered the issuance of licenses and permits and it is from such order that this appeal follows. Appellee's action also sought money damages which claim was denied by the trial court and from which judgment defendant has cross appealed.

On August 23, 1968, Lunar Oil entered into an agreement with Dagney Lackie for the purchase of property located in Des Plaines. The agreement was contingent on Lunar being able to secure appropriate licenses and permits to operate a filling station on the premises. Prior to May, 1968, the premises had been leased by Lackie to Shell Oil Company and Shell had operated a filling station on the premises. After terminating its lease Shell removed the underground storage tanks, pumps and other equipment from the premises.

On August 23, 1968, Lunar filed an application for a business license with Robert Ladendorf, a police officer of the City of Des Plaines. Ladendorf was responsible for the issuance of such permits and in accord with the ordinances and practices of the City he consulted with Raymond Schuepfer, Des Plaines Zoning Administrator. Schuepfer informed Ladendorf that the operation of a filling station on the premises had been abandoned and the premises could no longer be used for a filling station because such use was contrary to the existing zoning ordinance. Accordingly Ladendorf a day or two later, notified Lunar that its application had been denied.

Prior to 1967, the premises were zoned so that the conduct of a filling station business was a permitted use. In 1967, the applicable zoning ordinances were amended and the area including the premises in ques-

tion was rezoned and the operation of a filling station in such zone was no longer a permitted use. As an existing nonconforming use the operation on the premises thereafter by Shell was in accord with the provisions of the ordinance regarding non-conforming uses.

About seven weeks after its application for a business license was denied Lunar commenced this action in the Circuit Court seeking a writ of *mandamus* to compel the issuance of the business license and other permits. The court after hearing evidence granted the request.

In appealing from the judgment of the trial court defendant has made numerous assignments of error relating to the jurisdiction of the trial court, rules relating to *mandamus* actions and the merits of the controversy.

The only assignment of error which we believe necessary to consider on this appeal is the argument that Lunar failed to exhaust its administrative remedies and therefore has no right to resort to independent legal action.

Sections 9F.1 and 9F.2 of the City of Des Plaines Zoning Ordinance (1960) provide that any party aggrieved by a decision of the Zoning Administrator may appeal to the Zoning Board of the City of Des Plaines. The Zoning Board of Appeals is directed to consider the appeal in accordance with procedural rules adopted for the purpose and has authority to affirm, modify or reject the decision of the Zoning Administrator.

Appellant argues that by virtue of the ordinance application for review of the Zoning Administrator's decision by the Zoning Board, should have been sought and secured by Lunar before it could bring any legal action.

Commencing with *Bright v. City of Evanston,* 10 Ill.2d 178, 139 N.E.2d 270, a judicial policy has been enunciated and refined regarding the appropriate areas of decision making as between local administrative zoning authorities and direct independent legal action. Bright, after reviewing authorities from other jurisdictions, concluded that where the issue presented was that of general invalidity of zoning ordinances independent resort to the courts was appropriate. Where the issue related to the unconstitutionality of an ordinance only as applied to a particular property as was the case in Bright, the court concluded that application and consideration by local administrative agencies was required before resort to legal action was appropriate.

In *Suburban Ready-Mix Corp. v. Village of Wheeling,* 25 Ill.2d 548, 185 N.E.2d 665, the court following the distinction which emerged from the Bright case, held that independent legal action was appropriate where the invalid ordinance was general in its nature applying to all areas zoned for industrial use. In *American National Bank and Trust Company v. City of Chicago,* 110 Ill.App.2d 47, 249 N.E.2d 148, where

the only invalidity alleged was the application of a zoning ordinance to a particular property of the plaintiff, the court held that failure to exhaust administrative remedies precluded legal action. *Fox v. City of Springfield*, 10 Ill.2d 198, 139 N.E.2d 732, relied upon by Appellee, is consistent with the rule of Bright at least to the extent that the opinion indicates the plaintiff before bringing his legal action had applied for relief to the Zoning Board of Appeals, the decision of such Board being adverse to plaintiff.

*Westfield v. City of Chicago*, 26 Ill.2d 526, 187 N.E.2d 208, relied upon heavily by Appellee, presents a peculiar factual situation from which the court concluded that resort to local zoning authorities was unnecessary. The peculiar facts related to the adoption of an urban renewal plan affecting the use of the premises as well as the City's intention to prosecute the property owner for an alleged zoning ordinance violation based on remodeling on the premises occurring nearly ten years earlier. The *Westfield* case does not purport to establish any general rule contrary to that in *Bright v. City of Evanston, supra.*

The above cases have been cited and discussed by the parties as having some general application to the issue presented on this appeal. They illustrate the recognition by courts that zoning is a local matter and that local administrative procedures may be more appropriate to resolve zoning problems. As may be observed from each of the foregoing cases a claim was made that a city or village ordinance was either unconstitutional generally or as applied to the property involved. In the case at bar no claim is made that any ordinance of the City of Des Plaines is invalid or unconstitutional. Appellee's claim and cause of action is based on its disagreement with the finding of fact of the local Zoning Administrator. Appellee may disagree with the Zoning Administrator's conclusion that the non-conforming use had been abandoned but such disagreement can not elevate the controversy to an issue of unconstitutionality.

If, as in the *Bright* case, exhaustion of local administrative zoning procedures is required even when the issue involved is one of constitutionality, such required exhaustion is even more persuasively justified when there is no constitutional issue. Neither authority or logic suggest any reason for ignoring or disregarding the city ordinances providing a remedy for a party aggrieved by the zoning administrator's decision. See *Western Pride Builders, Inc. v. City of Berwyn*, 99 Ill.App.2d 250, 240 N.E.2d 269. Holding as we do that this action is premature and that the

trial court erred in determining the controversy on its merits it follows that any issue raised by plaintiff on its cross appeal is moot.

For the foregoing reasons the judgment of the Circuit Court of Cook County is reversed and remanded with directions that the petition for writ of *mandamus* be dismissed.

Reversed and remanded with directions.

ALLOY and RYAN, JJ., concur.