# Harry Rohrbach, Appellee, v. Peter Cavallini, Appellant.

## Gen. No. 23,506.

1. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when violation of will be enjoined.* A court of chancery will, at the suit of an abutting property owner, enjoin the violation of an ordinance against the erection of a building not complying with the building regulations, where the erection of such a building would amount to a nuisance *per se* and would result in irreparable damage to complainant and increase the fire risk.

2. NUISANCE, § 10*—*when wooden building is.* A wooden building is not in itself a nuisance, but when erected in a place prohibited by law and where it endangers the safety of adjoining property, it may become a nuisance.

3. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when ordinance unreasonable.* An ordinance which prohibits the erection of any buildings within certain fire limits "unless the outside and party walls thereof shall be composed of brick, stone, iron or other incombustible material * * * without the permission of the city council first obtained," gives the city council, in its discretion, power to issue a permit, and is unreasonable.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 3, 1918.

GEORGE F. BORMAN, for appellant.

McGILVRAY, EAMES & VAUGHAN, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The appeal in this cause is taken from a decree entered on May 25, 1917, enjoining the defendant (appellant) from erecting, upon his premises, being a narrow strip of ground 7 feet in width, a building,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pursuant to a permit and certain plans, or any building in contravention of the ordinances of the City of Blue Island.

The evidence shows that the complainant (appellee) is the owner of 50 feet just south of the 7-foot lot or space upon which latter the defendant (appellant) desired to erect a one-story building. The property of the complainant (appellee) is improved with a two-story store building facing Western avenue, the front of which building is of stone and the side and rear walls of brick, the north wall being 16 inches thick up to the second floor and 12 inches thick above. The value of the building is about $27,000 and the stock and fixtures therein, owned by the complainant, about $40,000. On the building the complainant carries $15,000 insurance and on the stock, from $24,000 to $26,000.

The defendant is lessee of a two-story frame building located 7 feet north of complainant's building, leaving an unimproved space, 7 feet wide, in between the two buildings. The defendant occupies the top floor of his building as a residence and the first floor as a fruit store and ice cream parlor. Being desirous of improving the intermediate vacant space of 7 feet, the defendant, on October 11, 1915, applied to the City Council of the City of Blue Island for a permit to construct a one-story building covering said space of 7 feet. He filed with said application a plan of the proposed building, which plan showed the front or west wall to be of brick 12 inches thick, faced with white enamel; the rear or east wall to be of common brick 12 inches thick; the south wall to be solely of sheet iron; the north wall to be of sheet metal attached to Furring strips nailed or fastened to the building which he already occupied; the building to be approximately 14 feet in height; the roof to be a flat gravel roof; the floor of maple, and the interior walls and ceiling to be of sheet metal. The building was

to be used by the defendant, in connection with his other building, as a lunch room. The north wall of complainant's building is 1½ inches south of the north line of his lot. On October 11, 1915, the City Council of the City of Blue Island ordered a permit granted to the defendant to erect a building in accordance with the plans submitted by him, with his application, and, on October 12, 1915, a permit was duly issued.

According to an ordinance (No. 508) of the City of Blue Island, the lot upon which the proposed building was to be constructed was within the fire limits. Section 6 of the ordinance provided that "all buildings * * * shall have outside walls of not less than one foot in thickness," etc. Section 4 of the ordinance provided that "no structure or building of any kind or description * * * shall be erected or constructed or placed on * * * without the permission of the City Council first obtained, unless the outside and party walls thereof shall be composed of brick," etc. Section 29 of the ordinance provided that "before the erection or construction of any building * * * the owner * * * shall submit to the city clerk of said city and file with him a statement, in writing, showing" the location, general dimensions, purpose, material, etc. Section 6 provided that "all buildings designated in the first four sections of this ordinance shall have outside walls of not less than one foot in thickness."

The evidence of the witnesses Rohrbach, Gobet and Eubank is to the effect that the erection of the building as contemplated by the defendant would decrease the market value and decrease the rental value of complainant's property, and, at the same time, increase the insurance hazard and, therefore, the insurance rate.

The chancellor entered a decree that the defendant "be forever restrained from erecting, upon the premises described (the 7-foot space), any building

in accordance with the permit and plans attached, or any building in contravention of said ordinances."

It is the contention of the defendant, first, that the bill of complaint fails to state, and the proofs taken by the master fail to show, such a case as will warrant a court of chancery in granting relief by the extraordinary remedy of injunction at the instance of an adjoining property owner; second, that section 4 of ordinance 508 is not unreasonable or void.

We are of the opinion that the allegations in the bill of complaint on the subject of injury to the private property of the complainant are sufficient, and, further, that the evidence shows that the proposed building, if erected, would cause his property, as distinguished from other property within the confines of the City of Blue Island, special irreparable damage. The law is that a court of chancery will not, at the suit of a municipality, enjoin the violation of an ordinance, nor interfere at the suit of an individual; likewise, as to the enforcement of an ordinance. But, where the matter threatened would amount to a nuisance *per se,* and would result in special damage to the one seeking the injunction, it is otherwise. *Griswold v. Brega,* 160 Ill. 490; *Cicero Lumber Co. v. Town of Cicero,* 176 Ill. 9. In the case of *Patterson v. Johnson,* 214 Ill. 481, the court, quoting from *Baumgartner v. Hasty,* 100 Ind. 575, sanctioned the following language: "A wooden building is not in itself a nuisance, but when erected in a place prohibited by law and where it endangers the safety of adjoining property it may become a nuisance. * * * There are many things that are not nuisances *per se,* but which become such when placed in locations forbidden by law and where they essentially interfere with the enjoyment of life or property." In Wood's Law of Nuisance, sec. 109, that author states, in regard to the erection of a building dangerous by reason of the materials used or the manner of its construction: "Such a building

on a public street is a public nuisance, and is a private nuisance to those owning property adjoining it." *Patterson v. Johnson*, 214 Ill. 481; 114 Ill. App. 329.

The permit which the defendant obtained from the City Council of Blue Island was evidently issued pursuant to section 4 of ordinance 508, which section prohibits the erection of any buildings within certain limits known as the fire limits "unless the outside and party walls thereof shall be composed of brick, stone, iron or other incombustible material   *   *   *   without the permission of the City Council first obtained." By virtue of the legislative grant of power (chapter 24, Hurd's Rev. St. J. & A. ¶ 1334) the City Council of Blue Island was authorized to prescribe certain limitations in regard to the construction and erection of buildings, but that power they may exercise only by means of ordinances which operate uniformly. They must be entirely impartial and their enforcement not subject to caprice. Inasmuch as section 4 of ordinance 508 gives the City Council, in its discretion, power to issue a permit, it is unreasonable. It is a violation of section 2 of article II of the Constitution of Illinois. *Sheldon v. Hoyne*, 261 Ill. 222. In the latter case the court said: "The method and manner of enforcing a law must necessarily be left to the reasonable discretion of administrative officers, but any law that vests in the discretion of such officers, unregulated by any rules or conditions, whether such law shall be enforced at all with reference to individuals in the same class, is purely arbitrary, and such laws have always been held invalid." *Tugman v. City of Chicago*, 78 Ill. 405; *Rich v. City of Naperville*, 42 Ill. App. 222; *Meyer v. City of Decatur*, 125 Ill. App. 556; *Cicero Lumber Co. v. Town of Cicero*, supra; *People v. Vickroy*, 266 Ill. 384; *Eureka City v. Wilson*, 15 Utah 67.

We are of the opinion that section 4 of the ordinance was void, and, likewise, the permit issued there-

under.   It follows, therefore, that as the court had jurisdiction and the proofs showed prospective irreparable injury and, under the law, that the permit was void, the permanent injunction issued by the chancellor was justified and proper.

*Affirmed.*