(No. 32608.-

THE PEOPLE *ex rel.* Herman Armanetti, Inc., Appellee, *vs.* THE CITY OF CHICAGO *et al.,* Appellants.

*Opinion filed May 20, 1953.*

JOHN J. MORTIMER, Corporation Counsel, of Chicago, (L. LOUIS KARTON, and ARTHUR MAGID, of counsel,) for appellants.

THOMAS J. FINNEGAN, of Chicago, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The question presented for decision in this cause is the validity of section 58.1-10 of the Municipal Code of the city of Chicago, which makes the following provision: "No projecting electric sign over public property exceeding 75 square feet in area of one face shall be erected except under authority of a City Council order in addition to the regular permit. Projecting signs containing less than 75 square feet in area of one face shall not require council approval, but five days' notification shall be given alderman in whose ward sign is to be erected. Council approval shall be required on roof or ground signs over 60 feet in height." Appellee, Herman Armanetti, Inc., à corporation, was refused a permit to erect and maintain an electric sign larger than seventy-five square feet in area of one face, which

was to project over and above the public sidewalk in front of its business premises at 5806 Milwaukee Avenue. Although appellee's application complied with all other requirements of the ordinance relating to electric signs, the commissioner of buildings refused to issue the permit because appellee had not secured a council order as required by section 58.1-10. Appellee thereupon instituted a *mandamus* proceeding in the circuit court of Cook County, to compel the city of Chicago and its building commissioner, the appellants here, to issue a permit.

Summarized generally, appellee's petition alleged that the ordinance, insofar as it requires council approval, constitutes a denial of due process of law and an unreasonable and capricious exercise of the police power. Appellants answered, admitting the facts alleged but denying the invalidity and constitutional insufficiency of the ordinance. After a hearing on the pleadings, the trial court found the issues for appellee and ordered a peremptory writ of *mandamus* to issue. Because the trial court has duly certified that the validity of an ordinance is involved and because the judgment of the court necessarily embraced a decision of the constitutional issues raised, appellants have appealed directly to this court for review.

There is no dispute over the power of the city to enact the ordinance in question, but a consideration of the contention that the ordinance violates due process, and that it is unreasonable, should be prefaced by some discussion of the general considerations underlying the city's authority to act in this field. The fee in streets and alleys is vested in the local municipality in trust for all the citizens of the State; however, the General Assembly has supreme control over them unless restrained by constitutional limitation. (*People ex rel. Hill* v. *Eakin,* 383 Ill. 383; *Heppes Co.* v. *City of Chicago,* 260 Ill. 506.) "Sidewalks" have been held to be public ways within the meaning of the word "streets." (*City of Elmhurst* v. *Buettgen,* 394 Ill. 248;

*Carlin* v. *City of Chicago,* 262 Ill. 564.) The basic purpose of a street is to afford a way for traffic, both pedestrian and vehicular, to the public, and the public is rightfully entitled to the use of such thoroughfare free of all obstructions and impediments which tend to delay or obstruct traffic or annoy the public in the use of the streets. (*City of Chicago* v. *Collins,* 175 Ill. 445; *City of Chicago* v. *McKinley,* 344 Ill. 297.) That the city might effectually carry out its trusteeship over streets by regulating and controlling their use for the primary purpose for which they are created, the legislature has specifically delegated many powers to municipalities. Among them is that contained in section 23-15 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1951, chap. 24, par. 23-15) which empowers corporate authorities to "regulate the use of space over the streets, alleys, other municipal property and public places of the city, and upon payment of proper compensation, to be fixed by ordinance, to permit the use of the space more than twelve feet above the level of such streets, alleys, property or places, except for purely private uses." Upon the basis of the foregoing principles and authorities, it has been held that objects, such as advertising signs, which project over a public sidewalk or street, are encroachments on the public way, in the nature of a purpresture, which an abutting owner has no right whatsoever to erect and maintain, or a municipality to permit, in the absence of special legislative authority. (See: *Hibbard, Spencer, Bartlett & Co.* v. *City of Chicago,* 173 Ill. 91; *People ex rel. Faulkner* v. *Harris,* 203 Ill. 272; *Gerstley* v. *Globe Wernicke Co.* 340 Ill. 270.) In the present case the legislature has specifically delegated authority to the city to act in the field and there remains only the question of whether the ordinance relating to electric signs is a reasonable exercise of that authority.

Appellee contends that the section of the ordinance requiring council approval for signs exceeding a certain size is repugnant to section 2 of article II of the constitution of

Illinois in that it grants unlimited power to the city council, to be exercised according to the whim or caprice of aldermen, unregulated by rules or conditions. In taking up this phase of the case we should glance at the position of the party who attacks the ordinance. Appellee seeks to utilize the space above a public way, a forbidden domain, to carry out its own private enterprise solely for its own financial profit. It has no inherent right to operate its business in or upon the streets of the city and its right to erect and maintain a projecting sign over a public way is permissive only, and may be withdrawn at any time. In addition, appellee is not being completely deprived of advertising its business, even in the space over the public way, for it may still erect a sign which is within the limits permitted by the ordinance. Since appellee has no property right in the use of the streets of Chicago for the location and maintenance of his business or advertising, we cannot say that the ordinance deprives him of liberty or property. (*City of Chicago* v. *Rhine,* 363 Ill. 619.) While to constitute due process of law orderly proceedings according to established rules which do not violate fundamental rights must be observed, a general law administered in its legal course according to the form of procedure suitable and proper to the nature of the case, conformable to the fundamental rules of right and affecting all persons alike, is due process of law. (*Italia America Shipping Corp.* v. *Nelson,* 323 Ill. 427; *Punke* v. *Village of Elliott,* 364 Ill. 604.) The ordinance here does not infringe upon this concept of due process for its affects equally, and under like conditions, all persons who seek to erect a sign in excess of the maximum.

It is contended, however, that the form of procedure fixed by the ordinance is not suitable and proper to the nature of the case and that it is unreasonable in making the right to erect large signs dependent upon the permission of the city council without prescribing any limitation for the exercise of discretion in granting or refusing such per-

mission. It is appellee's position that the ordinance vests a power in the city council which need not be exercised impartially but which may be exercised according to the whim or caprice of the council. This contention of appellee is bottomed largely on *Cicero Lumber Co.* v. *Town of Cicero,* 176 Ill. 9, and *Rohrback* v. *Cavallini,* 210 Ill. App. 182. In the *Cicero case,* there was involved an ordinance which forbade all persons to take heavy vehicles on certain boulevards, other than private vehicles conveying families, except upon special permission of the town board. In the *Rohrback case,* the ordinance prohibited the erection of any building without fireproof walls in a certain area, unless permission for other type walls was obtained from the city council. In both cases the ordinances were held invalid for reason that they in no way regulated or controlled the discretion vested in the municipal legislative body, thus clothing it with power to grant the privilege to a chosen few while denying it to others not in a substantially different situation.

We believe, however, that there is one substantial difference between the ordinance involved in the cited cases and the one with which we are treating here. In those cases the ordinances sought to require council permission for citizens to perform a legal act, that is, to use boulevards for traffic in the one instance and to erect a building on one's property in the other. In the present case, the permission required by the ordinance and sought by appellee, is to erect and maintain an encroachment over a public way. Such a right is not inherent in a citizen and the legislature has expressly delegated to municipal authorities the power to regulate and control the use of space more than twelve feet above public ways. Such a distinction between the two types of ordinances was made in *Wilmot* v. *City of Chicago,* 328 Ill. 552, and was held to justify a provision requiring council approval. In the *Wilmot case,* the city, acting under express statutory authority, passed an ordinance fixing the

grade of all sidewalks and providing that council permission was necessary to change the established grade. In considering the validity of the requirement of council approval, this court said, at page 562: "This ordinance does not grant a privilege or attempt to regulate a right already vested, but rather to provide relief from the operation of an ordinance. No condition can be laid down by an ordinance of this character applicable alike to all places where such change is sought to be made, for the reason that conditions surrounding the property involved are seldom the same. Permission of the character referred to here is, in effect, permission to amend the ordinance. * * * The passage of the driveway ordinance in question was within the scope of the power delegated by the legislature to the city council. To allow a property owner to arrogate to himself the right to change the grade of a sidewalk where it has been established by the city council, in the manner sought to be done by appellee, would put it within the power of the property owner to render the sidewalk dangerous to persons using the same."

It is our conviction that the quoted language applies with equal force to this case. Section 58.1-10 of the ordinance, which is under attack, grants only a limited privilege to erect signs up to a certain size and makes no attempt to regulate any right vested in a property owner. The provision relating to council approval for signs in excess of the fixed maximum size is, in effect, a method provided to obtain relief from the operation of the ordinance. It is understandable, too, that the extent to which large projecting signs interfere with the public use of streets and sidewalks, will vary on different streets and in different areas. Since no condition or definite and comprehensive rule for guidance can be laid down applicable to all cases where excessively large signs are sought to be erected, and because the municipality is operating in a field in which the legislature has given it the exclusive authority to operate, we must

conclude that the procedure which vests discretion in the city council is a reasonable one suitable and proper to the nature of the case. To hold that the permission granted by the city to erect signs of a reasonable size must operate as a license to enable a property owner to erect a sign of whatever size he chooses, would manifestly have an effect which would create conditions which would obstruct and imperil the public in its use of public streets. An ordinance permitting the city council to retain control of the space above city streets and sidewalks as authorized by the legislature is not discriminatory, unreasonable, oppressive or unjust. *Wilmot* v. *City of Chicago,* 328 Ill. 552; *Fischer* v. *City of St. Louis,* 194 U.S. 361, 48 L. ed. 1018.

Section 58.1-10 of the Municipal Code of Chicago is not unconstitutional for any of the reasons urged by appellee, and the trial court erred in holding it void and ordering the peremptory writ of *mandamus* to issue. The judgment of the circuit court of Cook County is therefore reversed and the cause remanded, with directions to quash the writ and dismiss appellee's petition.

*Reversed and remanded, with directions.*