STATE STREET PROPERTIES, INC. *et al.*, Plaintiffs-Appellees, *v.* THE ZONING BOARD OF APPEALS *et al.*, Defendants-Appellants.

(No. 56885;

First District (5th Division)—May 18, 1973.

Richard L. Curry, Corporation Counsel, and Price, Cushman, Keck & Mahin, both of Chicago, (Edmund Hatfield and Daniel Pascale, Assistant Corporation Counsel, and Robert S. Cushman and Wesley S. Walton, of counsel,) for appellants.

Arvey, Hodes & Mantynband, of Chicago, (J. Herzl Segal and Walter V. Lesak, of counsel,) for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendants appeal from an order of the trial court which reversed a decision of the Zoning Board of Appeals of the City of Chicago. The

Board had denied plaintiffs a permit to change the lettering in lights on a double faced electric sign affixed to its building in the downtown area of Chicago. The Board's actions affirmed an identical decision by the City's Zoning Administrator. Plaintiffs then sought an Administrative Review of the Board's ruling in the Circuit Court of Cook County. The trial judge reversed the Zoning Board's decision. Defendants appealed from that judgment order directly to the Supreme Court and that Court transferred the case here.

On appeal defendants contend that the Zoning Board's decision does not violate due process of law. Specifically they are (1) that the proposed lettering change was prohibited by the zoning ordinance, (2) that plaintiffs did not overcome the presumption of the validity of the ordinance, (3) that the City has statutory authority to regulate the space over the public way and therefore plaintiffs have no vested rights in the sign, (4) that this prohibition is a reasonable regulation related to the public health, safety, comfort, morals and welfare and is not unreasonably discriminatory, and (5) that the decision of the Zoning Board was not based on extraneous considerations.

The facts are essentially undisputed. Plaintiff, Karoll's Inc., leases a ground floor store in a building at the southwest corner of Washington and State Streets in the City of Chicago from plaintiff, State Street Properties, Inc. In 1948 (15 years prior to Karoll's lease) with authority of the City Council, a fifteen by seventeen foot double faced advertising sign was affixed at a right angle to the Washington Street side of the building, thus projecting some fifteen feet over the public sidewalk. Through the years several changes in the message on the sign were authorized by permits issued by the City. The most recent change occurred in 1961 when the message on the sign was changed to read "Rae Me Shops—Handbags and Jewelry" by authority of a City permit dated April 13, 1961. Rae Me Shops was a tenant and occupant of the ground floor shop over which the sign was affixed. In January, 1963, plaintiff, Karoll's Inc., took over the space occupied by Rae Me Shops and was given the right to use, operate and maintain the sign pursuant to the terms in its lease.

On August 20, 1963, Karoll's applied for a permit to change the lettering on the sign to read "Karoll's Men's Wear" or "Men's Wear by Karoll's" or "Men's Wear Karoll's." The Chicago Zoning Administrator noted that the sign was located in a B6-7 Central Business District. The application was denied on the ground that the proposed change did not, in the Administrator's opinion, conform to Section 8.9—6(2) (a) of article 8 of Chicago's Zoning Ordinance, as amended in 1957 and again in 1963. That added section provides:

"In the B6—6 and B6—7 Districts, non-flashing business signs are permitted, subject to the following:

\* \* \*

(2) (a) Existing non-conforming projecting signs which project more than 12 inches across the property line into the public way shall not be enlarged, altered or structurally repaired."

Plaintiffs appealed the Zoning Aidministrator's decision to the Zoning Board of Appeals.

In October, 1963 the Board of Appeals conducted an extensive hearing to review the Zoning Administrator's decision. The Chief of Chicago's Bureau of Electrical Inspectors, William P. Hogan, testified that he had drafted ordinance section 8.9—6(2) (a). He stated that, in his opinion, a change in lettering would constitute a prohibited alteration. On the other hand, the plaintiffs produced two expert witnesses whose testimony differed from Hogan's. Rubin J. Baer, a licensed structural engineer who specialized in sign design, testified that in his opinion changing the lettering on the face of an outside sign cannot be a "structural alteration" because no changes occur to the sign's load carrying members. Another expert witness, Carmen Montello, supervising engineer for the Federal Sign Company of Chicago, also stated that a lettering change would not be a "structural alteration" because the existing circuits and transformers could be used to accomplish the proposed change. Montello stated, however, that the change would technically be considered an "alteration" requiring a rewording permit from the City of Chicago. Sam Karoll, an officer and director of plaintiff corporations, testified that the sign was a valuable asset of the building and identified a photographic exhibit which showed similar signs in the same block.

On November 7, 1963, the Chairman of the Zoning Board of Appeals requested an opinion from the Corporation Counsel of the City of Chicago regarding the nature of the instant sign. Initially the Corporation Counsel was of the opinion that plaintiffs had a right to change the sign. On March 2, 1965, however, he withdrew his opinion. Subsequently, the Zoning Board affirmed the Zoning Administrator's opinion.

Plaintiffs took the matter to the Circuit Court of Cook County. The trial judge found that the Zoning Board's action was both unreasonable and arbitrary, as well as against the manifest weight of the evidence. The judge also found that the Board's ruling deprived plaintiffs of the protection of due process of law. Accordingly, the court reversed the Board's decision and entered judgment for plaintiffs, instructing the City of Chicago to issue permits for the proposed lettering change. Defendants appeal this judgment order.

*OPINION*

■■ Since the instant appeal focuses on the statutory construction and constitutionality of section 8.9—6(2) (a) of the Chicago Zoning Ordinance, we will deal directly with that matter. Section 8.9—6(2) (a) provides that:

"Existing non-conforming projecting signs which project more than 12 inches across the property line into the public way shall not be enlarged, *altered* or structurally repaired." (Emphasis added.)

The present lessee of a premises to which is affixed an existing non-conforming sign projecting more than 12 inches across the property line into the public way now proposes to alter the electric light lettering thereon. In our opinion, the words of the ordinance expressly forbid such a change. We are fully aware of the provisions of Article 6 of the Zoning Ordinance regarding Non-conforming Buildings, Structures and Uses including section 6.3 regarding non-conforming signs being subject to amortization only as provided for in section 6.4—8 and including section 6.4—1 regarding permissible alterations in non-conforming buildings and structures. Notwithstanding these provisions, we believe section 8.9—6 (2) (a) prohibits the proposed change. This section was added to the ordinance by amendment subsequent to the writing of the rest of the ordinance. The section does not use the words "structurally altered" (to which term plaintiffs' two experts directed their testimony); it uses the single word "altered" which by common usage means "changed." Moreover, section 8.9—6(2)(a) applies specifically to existing non-conforming projecting signs, not to non-conforming uses generally. The specific controls the general.

■■ Although plaintiffs assert that if the ordinance were construed to prohibit the instant alteration it would be unconstitutional, we cannot agree. Statute authorizes the elimination of non-conforming uses. (Ill. Rev. Stat. 1963, ch. 24, sec. 11—13—1.) The ordinance expresses such an intent. Such provisions have been held to be constitutional where related to the public interest. (*Village of Gurnee v. Miller* (1966), 69 Ill.App.2d 248, 215 N.E.2d 829.) Here the instant sign is suspended above the public way. The public must walk below it. This situation is hazardous to the public welfare and the City is totally within its authority to eliminate such potential hazards. (*1426 Woodward Avenue Corp. v. Wolff* (1945), 312 Mich. 352, 20 N.E.2d 217.) Moreover, the City has a duty to keep the public way free from obstructions which tend to delay or obstruct traffic or annoy the public in the use of the streets. (*E.g., People ex rel. Armanetti v. City of Chicago* (1953), 415 Ill. 165, 112 N.E.2d 616.) The fact that the City has chosen to eliminate such hazards by creating an incentive for the owner to remove them by

prohibiting alterations is not constitutionally significant. Furthermore, plaintiff is not being deprived of any right. It may, and does, advertise its name by use of a sign which lies flat against the building and does not project more than 12 inches into the public way.

For the above reasons, the decision of the Circuit Court of Cook County is reversed and the decision of the Zoning Board of Appeals is reinstated.

Reversed.

DRUCKER, P. J., and ENGLISH, J., concur.