THE CITY OF BELLEVILLE, Plaintiff-Appellant, *v.* M. W. KESLER, Defendant-Appellee.—THE CITY OF BELLEVILLE, Plaintiff-Appellant, *v.* M. W. KESLER, Defendant-Appellee.

Fifth District    Nos. 80-417, 80-418 cons.

Opinion filed November 2, 1981.

Patrick M. Flynn, of Belleville, for appellant.

LeChien and Associates, Ltd., of Belleville, for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, city of Belleville, appeals from the order of the circuit court of St. Clair County finding its ordinance regulating signs to be unconstitutional.

On March 5, 1980, defendant, M.W. Kesler, was charged with two violations of the city of Belleville's sign code. He was charged with having a free-standing sign in a B-1 (multifamily) district, in violation of section 53.34, chapter 53 of the ordinances of the city of Belleville (Belleville, Ill., Sign Code, ch. 53, art. IV, §53.34 (1977)). Defendant was also charged with allowing a free-standing sign to project into a public right-of-way and allowing a free-standing sign to be closer than five feet to the side lot line, in violation of section 53.23(a) and (b), chapter 53 of the ordinances of the city of Belleville (Belleville, Ill., Sign Code, ch. 53, art. III, §53.23(a) and (b) (1977)). Defendant's motion to dismiss the charges on the grounds that the sign code was unconstitutional was granted, and plaintiff appeals.

The record indicates that defendant was the owner of certain property located at 409 Mascoutah Avenue in Belleville, Illinois. He purchased the property in October 1979. At the time he purchased the property, a sign advertising the previous owner's business was located on the lot. Kesler took a sign from his previous business, painted it to indicate the change in business location, and erected the sign on the Mascoutah Avenue lot in November 1979. Under Belleville's sign code, the sign on Kesler's property was defined as a "free-standing sign," that is, "a street graphic supported by one (1) or more uprights, poles or braces placed in or upon the ground; or a street graphic supported by any structure erected primarily for the display and support of the street graphic." Belleville, Ill., Sign Code, ch. 53, art. I, §53.02 (1977).

In December 1979, the city of Belleville passed a new zoning ordinance for the area in which Kesler's property was located. The new zoning ordinance changed the area from commercial zoning to multifamily (B-1) zoning. The sign code does not permit commercial advertising or free-standing signs in a B-1 district. Section 53.34 of the sign code provides in pertinent part:

"In any A-2 (two-family residence) or B-1 (multi-family residence) zoning district street graphics may contain only identification information, not commercial advertising. Non-exempt street graphics in these districts shall be either window graphics or flush-mounted."

In the trial court, defendant urged that the sign code was unconstitutional because it deprived him of property without due process of law. He contends that the passage of the zoning ordinance purported to make illegal certain signs which previously were in conformity with the sign code. Defendant further contended that plaintiff was without authority to regulate defendant's sign because it was not located upon a vacant lot nor upon a building. Defendant relies on section 11—80—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 11—80—15), which provides:

"The corporate authorities of each municipality may license street advertising by means of billboards, sign boards, and signs and may regulate the character and control the location of billboards, sign boards, and signs upon vacant property and upon buildings."

The trial court entered an order finding the sign code unconstitutional as it applied to defendant. The court found that an owner of a building being used for lawful business has a right to continue the business in its present location, including the right to affix a business sign to the building. The court further found that many of the specific requirements of the sign code pertaining to sign dimensions, height, square footage, and

location were unreasonable. The trial court concluded that, taken as a whole, the sign code was arbitrary and unreasonable and not related to the public health, welfare, and safety.

Plaintiff appealed, contending that the sign code is constitutional and that it was improper for the trial court to rule on the constitutionality of the entire sign code when the constitutionality of only a portion of the code was in issue.

■■ It is a well established axiom that "one may not complain of a statutory provision which does not affect him." (*Spalding v. City of Granite City* (1953), 415 Ill. 274, 283, 113 N.E.2d 567, 572), and that a court may not "determine the constitutionality of the provisions of an act which do not affect the parties to the cause under consideration" (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 259, 263 N.E.2d 833, 839, *cert. denied* (1971), 401 U.S. 928, 28 L. Ed. 209, 91 S. Ct. 924. (*Cf. Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 570, 376 N.E.2d 1382, 1385.) Accordingly, the trial court erred in declaring the entire sign code unconstitutional when only sections 53.23(a) and (b) and 53.34 were at issue.

■■ Plaintiff next urges that defendant's reliance on section 11—80—15 of the Illinois Municipal Code is misplaced due to the fact that plaintiff enacted the sign code pursuant to its home rule authority under article VII, section 6 of the Illinois Constitution. We agree. Plaintiff's sign code, of which the trial court took judicial notice, was expressly enacted under the city's home rule authority; plaintiff's enactment of the sign code which is the subject of this controversy is a proper exercise of the city's power of regulation thereunder.

Additionally, we do not agree with the trial court's conclusion that plaintiff's sign code was unconstitutional because it was arbitrary, unreasonable and not related to the public health, welfare and safety.

■■ Sign ordinances and zoning ordinances regulating signs have been held to be a constitutional exercise of a city's authority when related to a public interest. (*State Street Properties, Inc. v. Zoning Board of Appeals* (1973), 12 Ill. App. 3d 98, 298 N.E.2d 239.) Here, defendant's sign is alleged to have projected into the public way, creating a potentially hazardous situation which the city has an interest in eliminating. (*Cf. State Street Properties, Inc. v. Zoning Board of Appeals.*) Therefore, we conclude that section 53.23(a) of the city of Belleville's sign code, which prohibited a free-standing sign from projecting into the right-of-way, is a proper exercise of the city's authority.

■■ With respect to defendant's contention that section 53.23(a) unconstitutionally deprives him of his property without due process of law, we conclude that such objection is without merit. The city may eliminate a nonconforming use in the interest of public safety; it has a duty to keep the public way free from obstructions which may be hazardous to the

public safety and which tend to delay or obstruct the public in the use of the streets and sidewalks. (*Cf. State Street Properties, Inc. v. Zoning Board of Appeals.*) Further, as stated in *People ex rel. Herman Armanetti, Inc. v. City of Chicago* (1953), 415 Ill. 165, 112 N.E.2d 616, an abutting owner has no inherent right to operate its business in or upon the streets of a city, and the right to erect and maintain a sign projecting over a public way is permissive only and may be withdrawn at any time. We conclude, therefore, that with regard to the charge that defendant allowed his sign to project into the public way, the trial court erred in dismissing plaintiff's complaint charging defendant with violating section 53.23(a) of the city's sign code on the grounds that it was unconstitutional.

■■ Further, it has been established that the role of aesthetics in zoning is an element of the public health, safety and welfare. (*City of Champaign v. Kroger Co.* (1980), 88 Ill. App. 3d 498, 410 N.E.2d 661.) Thus, a sign ordinance validly may regulate the size and location of a sign on the basis of enhancing the appearance of the community as well as protecting the public from injury due to the potentially hazardous location of a sign; consequently, section 53.34 of plaintiff's sign code is not an unconstitutional enactment on the grounds that it was not related to public welfare.

Defendant is also charged with permitting a free-standing sign to be closer than five feet to his side lot line in violation of section 53.25(b) of the sign code and with having a free-standing sign in a multifamily district in violation of section 53.34 of the code. The trial court held that these sections of plaintiff's sign code unconstitutionally provided for the immediate discontinuance of a nonconforming use of defendant's property without compensation.

■■ Although we have previously stated that the city properly may prohibit a sign from projecting into the public way and may terminate the intrus: ᴄ onto the public way without compensation, the same may not be said of ʲe sign code provisions regulating the location of free-standing signs oɪ ʲ he owner's lot and prohibiting free-standing signs in multifamily zones. ʲus, defendant correctly asserts that in these two respects, the sign in ʲestion constitutes a nonconforming use which may not be terminate, without just compensation (see Annot., 80 A.L.R. 3d 630, 650 (1977); owever, his reliance on this general principle of law as indicating the unc ʲstitutionality of plaintiff's sign ordinance in the instant case is misplac ʲ.

Pla ʲiff's ordinance defines a "sign" in the following terms:

"ʲ sign is any object, device, display or structure or part thereof s: ʲated outdoors which is used to advertise, identify, display, or aʲ ʲact attention to an object, person, institution, organization, t: ʲsiness, product, service or event related to the premises on vʲ ʲich the sign is situated * * *. The term 'sign' includes, but is not

limited to every * * * free-standing sign; * * * whether affixed to a building or erected elsewhere on the premises." (Belleville, Ill., Sign Code, ch. 53, art. I, §53.02 (1977).)

Section 7—3 of the zoning ordinance, passed in December 1979, provides for the continued existence of nonconforming structures. This section provides:

"Any lawful structure which exists on the effective date of this ordinance but which could not be erected under the terms of this ordinance because of restrictions on lot size, height, setbacks or other characteristics of the structure or its location on the lot may lawfully remain, * * *." (Belleville, Ill., Zoning Ordinance, No. 3675, art. VII, §7—3 (1979).)

A "structure" is defined in the zoning ordinance as "anything constructed, assembled or erected on the ground, or attached to something having a fixed location on the ground." (Belleville, Ill., Zoning Ordinance, No. 3675, art. II, §2—2 (1979).) It is apparent that a free-standing sign qualifies as a "structure" under these definitions. Therefore, if defendant is able to establish that his sign existed and was in conformity with the sign code prior to the passage of the new zoning ordinance, it lawfully may remain. Otherwise, the sign would not qualify as a nonconforming use and would be in violation of the sign code. In either event, defendant's objection to the constitutionality of sections 53.23(b) and 53.34 of plaintiff's sign code is without merit.

For the foregoing reasons, we reverse the order of the circuit court of St. Clair County and remand this cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

KARNS and WELCH, JJ., concur.